UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
**DEMETRIO LIFRIERI**,                                         :
                                                               :
                Petitioner,            :
                                       :  **MEMORANDUM AND ORDER**
        – against –                             :  97-CV-6868 (AMD)
                                                               :
**JAMES STINSON**,                                             :
                                                               :
                Respondent.            :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      On January 7, 2022, the Court denied the *pro se* petitioner a certificate of appealability ("COA") for two decisions related to his unsuccessful petition for a writ of habeas corpus. Before the Court is the petitioner's letter (ECF No. 137), which I construe as a motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is denied.

## BACKGROUND

      I assume the parties' familiarity with the facts and incorporate them from the Honorable Jack B. Weinstein's decision denying the petition for a writ of habeas corpus.[1] (ECF No. 49.) Following a jury trial in New York Supreme Court before the Honorable Robert Kreindler, the petitioner was convicted of two counts of murder in the second degree for killing two women and hiding their bodies in his car for roughly two years. (ECF No. 132 at ¶¶ 2-4.) Judge Kreindler sentenced the petitioner to two consecutive prison terms of 25 years to life. (*Id.*)

---

[1] This case was reassigned to me on January 20, 2021.

On August 19, 2003, Judge Weinstein denied the petition for a writ of habeas corpus. (ECF No. 49.) Judge Weinstein also denied the petitioner's subsequent motions to vacate the conviction and for reconsideration. (ECF Nos. 114, 122.) On May 21, 2021, I denied the petitioner's Rule 60(b) motion seeking reconsideration of Judge Weinstein's August 19, 2003 order. The petitioner appealed, and on October 22, 2021, requested a COA from the Second Circuit. On January 7, 2022, I denied the petitioner a COA for Judge Weinstein's August 19, 2003 order and my May 21, 2021 order.[2] The Second Circuit then denied the petitioner a COA. *LiFrieri v. Stinson*, No. 21-2467 (2d Cir. Feb. 9, 2022). On March 10, 2022, the petitioner filed this letter, in which he "question[s] this Court's [January 7, 2022] Decision, being that he had already applied for a COA in the Second Circuit Court of Appeals[.]" (ECF No. 137 at 1.)

## STANDARD OF REVIEW

Rule 60(b) allows the Court to relieve a party from an order in certain circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances."

---

[2] While the petitioner did not request a COA from this Court, he sought a COA from the Second Circuit. Pursuant to Rule 22.1 of its local rules, the Second Circuit "will not act on a request for a [COA] unless the district court has denied a COA."

2

(citations and quotation marks omitted)).  "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Djenasevic v. New York*, No. 17-CV-6366, 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019) (quoting *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013)).

## DISCUSSION

Reconsideration is not warranted because the petitioner has not identified any legal or factual issue that I overlooked that would have altered my decision, or any extraordinary circumstances that would justify relief from the order.  *Dicks v. Eur. Am. Bank*, No. 06-CV-6623, 2007 WL 2746701, at *1 (E.D.N.Y. Sept. 18, 2007) ("Reconsideration generally will be denied unless the moving party can point to either controlling decisions or factual matters that the court overlooked, and which, had they been considered, might have reasonably altered the result before the court.").  The petitioner repeats the arguments he made in his motion for reconsideration of Judge Weinstein's order.  (*See* ECF No. 131 at 2-5; ECF No. 137 at 2-4.)  He also appears to argue that my January 7, 2022 order denying him a COA was improper because he made his request for a COA to the Second Circuit.  As discussed above, the Second Circuit "will not act on a request for a [COA] unless the district court has denied a COA."  2d Cir. R. 22.1.  Accordingly, the petitioner's motion for reconsideration is denied.

3

## CONCLUSION

The petitioner's motion for reconsideration is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to send a copy of this Memorandum and Order to the petitioner.

**SO ORDERED.**

                                                                              s/Ann M. Donnelly
                                                                              ANN M. DONNELLY
                                                                              United States District Judge

Dated: Brooklyn, New York
         March 15, 2022